[No. 21848. Department Two. July 1, 1929.]

ARVID OLSON, *Respondent*, v. ERNEST ERICKSON, *Appellant*.[1]

*Joseph Matsen*, for respondent.
*Charles H. Graves*, for appellant.

FRENCH, J.—This is an appeal from a judgment awarding respondent five hundred dollars in an action brought by him to recover for the alienation of his wife's affections.

The case was tried to the court without a jury, and

[1]Reported in 278 Pac. 692.

in the trial of the case, both sides were allowed considerable latitude.

Respondent and his wife were married in 1910 at Mount Vernon, and for a period of some fourteen years lived on a farm. In 1924 they came to Seattle, and early in 1925 purchased a rooming house. The appellant lived in this rooming house, which was purchased by respondent and his wife, for several months, but thereafter left the apartments and took lodgings in a nearby hotel under an assumed name, Charlie Swanson. Under this alias, he wrote a number of letters to the wife, and from time to time she visited him. Early in June, 1928, she left respondent in company with her daughters and her mother, and she was thereafter discovered in a house owned by appellant in the northern part of Seattle.

It seems to be the theory of appellant that the wife had no affection for her husband, and therefore there could be no alienation of her affections; and secondly, that there was collusion between the husband and wife, and that the husband actively aided, abetted and brought about the whole relationship concerning which he is now complaining. This court has said:

"It is well-established law in this country that evidence offered by the defendant to show a state of facts indicating that no affection existed between the plaintiff and his wife will not be heard as a bar to action for alienation of affection, but will simply be heard in mitigation of damages." *Morris v. Warwick,* 42 Wash. 480, 85 Pac. 42, 7 Ann Cas. 687.

On the question of collusion between the husband and wife, the evidence indicates that the husband had, from time to time, borrowed certain money from appellant, but the evidence also seems to indicate that, at one time, he objected strenuously to the relationship which he suspected existed between ap-

pellant and respondent's wife; that this relationship was broken off, and only renewed at the solicitation of appellant, and after appellant had written many letters to the wife. There is involved in this case nothing but a question of fact. The lower court painstakingly listened to the testimony of a large number of witnesses, and at the conclusion of the case rendered the following oral decision:

"Gentlemen: If it were not for the letters in this case, the court would take a different view of the entire record and probably come to a different conclusion. There is nothing to show that these people, as husband and wife, were not getting along fairly well, at any rate prior to the time they came to Seattle and met the defendant.

"These letters written, however, even going into the year 1926, fairly show that the defendant was seeking to get and keep the affections of this wife of the plaintiff. There is no shadow of doubt but that, as far as the letters go, taken at their face value, the defendant was seeking and trying to keep the affections of this woman. And then the evidence goes beyond that and shows the building of this house at about the time, or a little before the final separation of the plaintiff and his wife, and that the wife went there and has been living there, and as I recall the evidence, is living there now. Although the evidence shows that the defendant is not actually living at that house, he is living nearby.

"Regardless of the circumstances under which these three persons met each other, it is the law of the land, and common sense and good morals, that young men, single men, should leave other men's wives alone. He has not only robbed the husband of the wife's affection, but there is the more serious matter of the children. In fact, there were two children, but if it were not for these letters which show clearly the insistence of the defendant, and also the reluctance of the woman at that time to yield to his overtures and demands as shown by the letters, this court, in view of the other testimony, would probably come to a different conclu-

sion. The other testimony shows a weakness on the part of the plaintiff in not asserting himself after his getting some idea or some evidence of the relationship which was growing up between the wife and this defendant.

"The difficulty with the court is in the amount of damages to award the plaintiff, in view of the evidence and character of this particular case.

"The ruling of the court is that the plaintiff shall recover from the defendant as damages the sum of $500 and costs of this action."

There is nothing in the evidence to warrant us in saying that the lower court did not reach a correct conclusion.

The judgment is therefore affirmed.

HOLCOMB, MILLARD, MAIN, and PARKER, JJ., concur.